UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 20-253 JGB (SPx) | Date | August 7, 2020 |
|---|---|---|---|
| Title | *James Rutherford v. Jack Benetatos, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) DENYING Plaintiff's Motion for Default Judgment (Dkt. No. 18); and (2) VACATING the hearing set for August 10, 2020 (IN CHAMBERS)**

Before the Court is Plaintiff James Rutherford's Motion for entry of default judgment. ("Motion," Dkt. No. 18.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court DENIES the Motion. The August 10, 2020 hearing is VACATED.

## I. BACKGROUND

Plaintiff filed a Complaint against Defendants Jack Benetatos and Nick Benetatos (collectively, "Defendants") on February 7, 2020. ("Complaint," Dkt. No. 1.) The Complaint alleges two causes of action: (1) Violations of the Americans with Disabilities Act of 1990 pursuant to 42 U.S.C. § 12181 ("ADA"); and (2) Violation of California's Unruh Civil Rights Act ("UCRA"). (See Complaint.)

Defendants were properly served with the Complaint, summons, and other Court documents by substituted service. (Dkt. Nos. 11, 12.) Despite being served with the summons and Complaint, Defendants failed to file a responsive pleading within the time prescribed by the Federal Rules of Civil Procedure.

After Defendants failed to file a responsive pleading, Plaintiff filed a request for entry of default against both Defendants. (Dkt. Nos. 13, 15.) The Clerk of this Court entered default against Defendants. ("Entry of Default," Dkt. Nos. 14, 16.) On June 29, 2020, Plaintiff moved

for default judgement against Defendants. ("Motion," Dkt. No. 18.) In support of the Motion, Plaintiff filed the Declaration of Joseph R. Manning. ("Manning Declaration," Dkt. No. 18-2.) No opposition was filed.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by the Clerk of the Court. Local Rule 55-1 requires an application to the Court for default judgment be accompanied by a declaration that conforms to the requirements of Federal Rule of Civil Procedure 55(b) and set forth the following information:

> (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if required.

L.R. 55–1.

Whether to enter default judgment is within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092–93 (9th Cir. 1980). In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors for consideration in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471–72 ("Eitel factors"). Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven. TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). A plaintiff is required to provide evidence of his damages, and a court may rely only on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). Further, the damages sought must not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## III.  DISCUSSION

Plaintiff moves this Court to enter default judgment against Defendants. Plaintiff seeks to recover $4,000 in statutory damages and $4,269 in attorney's fees. (See Motion at 2; see also Proposed Order at 2.) In order for default judgment to be entered in his favor, Plaintiff must

meet the procedural requirements described above and establish that, on balance, the Eitel factors weigh in their favor. The Court evaluates these factors below.

### A. Procedural Requirements

Plaintiff has satisfied the procedural requirements for entry of default judgment. Pursuant to Federal Rule of Civil Procedure 55, Plaintiff did not petition for entry of default judgment until after default was entered against Defendants by the Clerk. (Dkt. No. 18.) Additionally, Plaintiff's Motion and accompanying declaration set forth the information required by the Local Rules of this Court. (Manning Declaration ¶¶ 2–3.) Plaintiff's counsel also represents that notice of this Motion was served by mail on Defendants. (Id. ¶ 5.)

### B. Eitel Factors

#### 1. Possibility of Prejudice to Plaintiff

Plaintiff would suffer prejudice if the Court does not enter default judgement. Because Defendants have not appeared in this action, a default judgment is the only means by which Plaintiff may recover. Absent a default judgment by this Court, Defendants will have avoided liability simply by not responding to Plaintiff's action. Therefore, this factor weighs in favor of default judgment. Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding the plaintiff would suffer prejudice absent entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

#### 2. Substantive Merits of Plaintiff's Claims

The second and third Eitel factors concern the merits of Plaintiff's substantive claims, and the sufficiency of the complaint. Eitel, 782 F.2d at 1471–72. "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) (internal citation omitted).

Title III of the ADA prohibits discrimination in public accommodations. It provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (internal alteration original). In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the

ADA and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive–Inn Restaurant, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); see also Johnson v. Beahm, 2011 WL 5508893, *2 (E.D. Cal. Nov. 8, 2011).

Plaintiff asserts that "[t]he Business is a facility open to the public, a place of public accommodation, and a business establishment." (Complaint ¶ 9.) However, that the Business is a "place of public accommodation" is a legal conclusion, not a fact. Not every business is a place of public accommodation—the ADA enumerates those categories of businesses that qualify. 42 U.S.C. § 12181(7). Plaintiff, however, fails to allege any facts that allow the Court to conclude that the Business falls within one of these categories. While Plaintiff indicates that the Business is named "Royal Liquor," he provides no information regarding what sort of services "Royal Liquor" provides. (Complaint ¶ 4.) Without more, the Court cannot conclude that the Business is a place of public accommodation.

Moreover, Plaintiff readily acknowledges "Plaintiff does not know the true name of Defendants, its business capacity, its ownership connection to the Property serving Royal Liquor ("Business"), or its relative responsibilities in causing the access violations herein complained of." (Id.) Even assuming that the Business is a place of public accommodation, Plaintiff fails to establish that Defendants "own[], leases[], or operate[]" the Business. It is not enough for Plaintiff to prove that Defendant owns the property where the Business is located. Accordingly, Plaintiff has failed to adequately allege a Title III claim against Defendants. Likewise, he fails to adequately allege his Unruh Civil Rights Act claim. Civ. Code § 51(f). Because Plaintiff fails to establish the merits of his claims, the Court need not address the other factors.

### IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion is DENIED. The August 10, 2020 hearing is VACATED.

**IT IS SO ORDERED.**